Julie R. Trotter, Bar No. 209675
Michael S. Orr, Bar No. 196844
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
jtrotter@calljensen.com
msorr@calljensen.com

Attorneys for Defendant Fasil Assefa
dba 7-Eleven #25330

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO ESQUEDA,<br><br>   Plaintiff,<br><br>vs.<br><br>FASIL ASSEFA d/b/a 7-ELEVEN #25330; and DOES 1 through 10 inclusive,<br><br>   Defendants. | Case No.  2:17-cv-02274-MWF-JEM<br><br>**DEFENDANT FASIL ASSEFA DBA 7-ELEVEN #25330'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  July 24, 2017<br>Time:  10:00 a.m.<br>Ctrm:  5A<br><br>Complaint Filed:   March 23, 2017<br>Trial Date:   None Set |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on Monday, July 24, 2017 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 350 West First Street, Los Angeles, California, 90012, Courtroom 5A, Defendant Fasil Assefa dba 7-Eleven #25330("Defendant") will and hereby does move the Court,

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), to dismiss Plaintiff Hugo Esqueda's ("Plaintiff") Complaint for failure to comply with FRCP Rule 8 and lack of subject matter jurisdiction, or, in the alternative, pursuant to FRCP Rule 12(e), for a more definite statement.

This motion is made on the ground that Plaintiff has failed to allege standing to bring his claims. Plaintiff fails to allege for what purpose he visited the location in question, how any of the purported barriers impacted his use or enjoyment of the property, or any reasonable intention to return in the future.

This Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Declaration of Michael S. Orr and such further arguments and papers as may be presented to the Court before or during the hearing.

Prior to filing this motion, counsel for Defendant attempted to contact Plaintiff's counsel to discuss the issues raised by this motion. Plaintiff's counsel would not return counsel's phone call.

Dated: June 21, 2017

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Michael S. Orr


By: */s/ Michael S. Orr*
   Michael S. Orr

Attorneys for Defendant Fasil Assefa dba 7-Eleven #25330

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As this Court is doubtlessly aware, the Americans with Disabilities Act ("ADA") has spawned a cottage industry of federal disability litigation that is "essentially driven by economics – that is, the economics of attorneys' fees." *See Rodriguez v. Investco, LLC*, 305 F. Supp. 2d 1278, 1281-1282 (M.D. Fla. 2004). These ADA lawsuits are not attempts by legitimately aggrieved plaintiffs to seek redress for real injuries; but are "drive-by" or "off-the-shelf" lawsuits, often initiated by professional plaintiffs who harass defendants with multiple lawsuits designed to ensure the threat of costly litigation in the hopes of forcing a quick settlement prompted not by the merits of the claims, but by the threat of protracted litigation to defend against them. The Honorable Irma E. Gonzalez of the Southern District observed: "[Plaintiffs] use the ADA, and its California counterparts, as tools of extortion." Judge Gonzalez went on stating: "ADA plaintiffs have honed their litigation strategies so that it is usually cheaper and more efficient for defendants to settle than fight these, often meritless cases."[1] Such is the case here.

Plaintiff brings an action against a 7-Eleven location giving only conclusory allegations that are insufficient to meet his Rule 8 pleading obligations or to establish standing. Plaintiff has not pled any injury or any reasonable intention of returning to the location at issue or to explain how the purported barriers impacted his visit.

In the alternative, Defendants seek an order under FRCP 12(e) requiring Plaintiff to provide a more definite statement of the impact the alleged barriers had on his use and enjoyment of the premises. How did the alleged barriers actually impact Plaintiff's visit? Defendant therefore respectfully asks that the Court order Plaintiff to provide more specific allegations of the discrimination he allegedly suffered.

---

[1] *See*, "Order Granting in Part and Denying in Part Defendants' Motion to Dismiss", *Singletary v. The Brick Oven Restaurant*, Case Number 05-CV-1224 IEG,.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff claims he visited the 7-Eleven store at issue on two occasions. (Complaint ¶10) Plaintiff does not state his purpose for visiting the store, but makes a generic claim that during each visit, he "encountered" barriers that "interfered with his ability to use and enjoy the goods, services, privileges, and accommodations" offered. (Complaint, ¶12). The only barriers identified by Plaintiff are 1) "Defendants failed to post required signage such as 'Minimum Fine $250,' 'Van Access,' or 'Unauthorized Parking,'" 2) "Defendants failed to provide proper van accessible space designated for the persons with disabilities," and 3) "Defendants failed to provide the access aisles with level surface slopes." (Complaint, ¶13) Plaintiff then claims that these "barriers" denied him "full and equal access" and caused him "difficulty and frustration." (Complaint, ¶14) No allegations are made as to how these barriers specifically impacted Plaintiff's visits or what difficulty he purportedly had when he tried to park and exit his vehicle. Aside from the identified signage, Plaintiff fails to allege what specifically is improper about the van accessible space or what sloping issues are present in the access aisle.

## III. APPLICABLE LEGAL STANDARDS

In ruling on a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true." *Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 n.1 (2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex. Rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1262-1263 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erikson v. Pardus*, 551 U.S. 89, ---, 127 S.Ct.

2197, 2200, 167 L.Ed.2d 1081 (2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

Further, the plaintiff must allege "enough facts to state a claim that is *plausible* on its face." *Bell Atlantic*, 550 U.S. at 570 (emphasis added) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted); *see also Jackson*, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). As the United States Supreme Court recently held, the pleading standards of Rule 8 require more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Id.* The *Ashcroft* Court went on to explain, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' *Id.*, at 557 (brackets omitted)." *Id.* Pleading a "mere possibility of misconduct" is insufficient. The Court will even go so far as to consider "more likely explanations" then those urged by the plaintiff.

## IV. DISCUSSION

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Absent such demonstration, Plaintiff cannot satisfy the "case or controversy" requirement of Article III of the Constitution the Court is "powerless to hear his grievance." *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11 Cir. 1987). "The 'irreducible constitutional minimum of standing' includes three elements:

(1) injury in fact; (2) causation; and (3) redressability. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 907 (9th Cir. 2011). Plaintiff's Complaint fails to allege any of these elements.

### A. Plaintiff Has Not Plead An Injury

To satisfy the "injury in fact" requirement, Plaintiff is required to allege he not only encountered a barrier at a place of public accommodation, but "that [it] deprives him of full and equal enjoyment of the facility due to his particular disability." *Chapman v. Pier 1 Imports,* 631 F3d 939, 944 (9th Cir. 2011). At a minimum, Plaintiff must specifically plead "how his disability was affected by [the barrier] […] to satisfy the "injury-in-fact requirement." (Id. 954) Here, Plaintiff fails to allege how any of the purported barriers relate to, or impacted, his use of the store.

### B. The Complaint Fails To Allege Causation

The second prong for standing precludes a plaintiff from pursuing access barriers that do not relate to his or her particular disability. An ADA plaintiff has standing to raise only those alleged violations that pertain to the plaintiff's alleged disability. A plaintiff cannot, for example, allege that he is entitled to ADA protections because he is wheelchair-bound and then challenge violations related to sight or hearing impairment. *See Parr v. L&L Drive-In Restaurant,* 96 F.Supp.2d 1065, 1078 (D. Hawaii 2000); *Steger*, 228 F.3d at 893; *Ass'n for Disabled Am. Inc. v. Concorde Gaming Corp.*, 158 F.Supp.2d 1353 (S.D.Fla.2001). Similarly, a plaintiff that does not drive a van with a lift, cannot raise issues related to a van accessible parking stall.

Sloping issues associated with an accessible parking stall or access aisle are typically for the benefit of persons in wheelchairs that require a reasonably level grade as they load and unload from their van lift. Plaintiff's Complaint is silent as to how the grade impacted him. He makes no claim that he has a van equipped with a lift, or that the level of the parking stall impacted his ability to deploy his lift or exit his vehicle.

## C. The Complaint Fails To Plead Redressability

In addition to pleading injury, Plaintiff must also allege "that there is a 'real or immediate threat' that the defendant will again subject the plaintiff to discrimination." *Loskot v. Super Star, LLC,* 2007 WL 1703645, *2 (N.D. Cal. 2007) (quoting *Bird v. Lewis & Clark College,* 303 F.3d 1015, 1019 (9th Cir. 2002). Because Plaintiff is seeking an injunction, he is required to plead facts to show that his alleged injury is continuing: "exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). The United States Supreme Court has held,

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly,* 550 U.S. 544, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S., at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Id.*, at 557.

*See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). The Court went on to explain,

> "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

> possibility and plausibility of 'entitlement to relief.' Id., at 557 (brackets omitted)."

(*Id.*)

For purposes of "redressability, this means that plaintiff's injury must be "concrete and particularized" and "actual or imminent." *Pickern v. Holiday Quality Foods Incorporated,* 293 F.3d 1133, 1137-38 (9th Cir. 2002). There must be evidence that Plaintiff would return to the public accommodation in the future but for the barriers. "[A]mere profession of intent to return 'someday' is 'simply not enough' to confer standing." *Id.* (quoting *Lujan,* 504 U.S. at 564 n. 2). Thus to establish standing Plaintiff's complaint must present *plausible* allegations of a future injury to be redressed by the injunction. The allegations of the Complaint are woefully inadequate. Plaintiff makes no claim that he is a regular patron of this, or any, 7-Eleven store, that his home is nearby, or that he would have any reason for returning to this location. Plaintiff has failed to allege a threat of future harm that could be remedied by an injunction.

## V. CONCLUSION

Plaintiff's Complaint fails to factually allege standing to bring this ADA claim. Plaintiff fails to allege an actual injury, causation, or that a favorable ruling would prevent future harm. As a result, the Court should dismiss Plaintiff's Complaint. In the alternative, Plaintiff should be required to provide more definite allegations that comply with his Rule 8 obligations and establish his right to bring this action.

Dated: June 21, 2017

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Michael S. Orr

By: */s/ Michael S. Orr*
Michael S. Orr

Attorneys for Defendant Fasil Assefa dba 7-Eleven #25330