UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-2274-MWF (JEMx) | **Date:** July 20, 2017 |
| **Title:** Hugo Esqueda v. Fasil Assefa dba 7-ELEVEN #25330 | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE DEFENDANTS' MOTION TO DISMISS [10]

Before the Court is a Motion to Dismiss filed by Defendant on June 21, 2017. ("the Motion," Docket No. 10). Plaintiff failed to file any Opposition to the Motion.

The Court previously vacated the hearing scheduled for July 24, 2017. (Docket No. 11).

The Motions is **GRANTED**. Plaintiff's failure to oppose the Motion to Dismiss itself operates as consent to granting that Motion. Moreover, the Motion should be granted on the merits. Plaintiffs is further **ORDERED** to show cause why the action should not be dismissed for failure to prosecute.

## I. BACKGROUND

The Complaint (Docket No. 1) alleges the following facts, which the Court takes as true and construes in the light most favorable to Plaintiff. *See, e.g., Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009))).

Plaintiff is disabled. Plaintiff visited Defendant's 7-Eleven store on at least two occasions. Plaintiff claims to have encountered barriers during his visit that interfered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-2274-MWF (JEMx)          **Date:** July 20, 2017
**Title:**     Hugo Esqueda v. Fasil Assefa dba 7-ELEVEN #25330

with his ability to use and enjoy the premises. Specifically, Plaintiff alleges that the store's van accessible parking space and the sloping of the parking lot made hindered his ability to access the store.

## II. DISCUSSION

Plaintiff's Opposition to the Motion was required on or before July 3, 2017. Local Rule 7-9. Under Local Rule 7-12, the failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion. Local Rule 7-12. The Court deems Plaintiff's failure to file an Opposition to Defendant's Motion to Dismiss consent to the granting of the Motion.

Additionally, the Court has reviewed the Motion and the Complaint and finds that the Motion is properly granted on the merits. "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Plaintiff's allegations in the Complaint are conclusory and do not pass muster under the standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **GRANTED.**

In light of Plaintiffs' failure to respond to the Motion, Plaintiff is further **ORDERED** to show cause, in writing, (1) why he should be granted leave to amend; (2) why he should not be sanctioned for failure to participate in preparing the Rule 26(f) status report, *see* Local Rule 37-4; and (3) why the action should not be dismissed for failure to prosecute, pursuant to Rule 41(b). Plaintiff's response shall be filed on or before **Monday, July 31, 2017**. Failure to respond to the Court's Order will result in dismissal of the action ***with prejudice***.

IT IS SO ORDERED.